Ryan Hatch
California Bar No. 235577
ryan@hatchlaw.com
**HATCH LAW, P.C.**
13323 W. Washington Blvd., Suite 302
Los Angeles, California 90066
Telephone: (310) 279-5076

Timothy E. Grochocinski (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6295055
tim@nelbum.com
C. Austin Ginnings (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6343678
austin@nelbum.com
Taryn N. Trusty (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6344409
taryn@nelbum.com
**NELSON BUMGARDNER CONROY PC**
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
Telephone: (708) 675-1974

*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION – SANTA ANA**

| | |
|---|---|
| FLEXIWORLD TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.,<br><br>Defendant. | Case No.: 2:26-cv-11294<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Flexiworld Technologies, Inc. ("Plaintiff" or "Flexiworld") files this Original Complaint for patent infringement against Toshiba America Business Solutions, Inc. ("Defendant" or "TABS") alleging as follows:

**NATURE OF THE SUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This case asserts infringement of United States Patent Nos. 9,036,181 ("the '181 Patent"), 10,140,071 ("the '071 Patent"), 10,873,856 ("the '856 Patent"), 10,761,791 ("the '791 Patent"), 10,140,073 ("the '073 Patent"), 10,846,031 ("the '031 Patent"), and 10,481,846 ("the '846 Patent") (collectively, the "Patents-in-Suit").

2. The Patents-in-Suit are owned by Plaintiff, Flexiworld Technologies, Inc.

3. Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

4. Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (e.g., Wi-Fi, Bluetooth) and mobile device markets.

5. Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless television, wireless printers, wireless audio devices, etc.

6. Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

7. Flexiworld's innovative work and results have been widely recognized in the industry. The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Samsung, Seiko Epson, Canon, Xerox, NEC, Disney, Mattel, and others.

8. Flexiworld has developed wireless applications and embedded solutions for the short-range wireless and mobile device market.

9. William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld. Mr. Chang has been granted over 88 United States patents and over 100 patents worldwide on his inventions.

10. Christina Ying Liu, one of the named co-inventors on the Patents-in-Suit, is a Flexiworld shareholder. Ms. Liu has been granted over 65 United States patents and over 75 patents worldwide on her inventions.

## THE PARTIES

11. Plaintiff Flexiworld Technologies, Inc. is a Washington corporation with its principal place of business at 3439 NE Sandy Blvd., #267, Portland, Oregon 97232.

12. Defendant Toshiba America Business Solutions, Inc. is a California corporation with a regular and established place of business located at 25530 Commercentre Drive, Lake Forest, California 92630. TABS can be served through its registered agent at 1505 Corporation C T Corporation System, 330 N. Brand Blvd., Glendale, CA.

13. According to a corporate overview, TABS states: "Toshiba America Business Solutions Inc. (TABS) manages product planning, marketing, sales, service support and distribution of copiers, facsimiles, multifunction printing products, network controllers, and toner products throughout the United States, Mexico, Brazil, Latin America, and the Caribbean . . . . Toshiba has garnered more than 175 industry awards and product recommendations including being an eight time winner of BTA's 'Most Favored Manufacturer' and a seven time winner of Marketing Research Consultant's 'Copier Manufacturer of the Year' award. Ranked as Fortune magazine's 10th 'Most Admired Electronics Company' in the world, TABS was also named among CIO 100's top 100 'bold' companies in 2005 and among its top 100 'agile' companies in 2004." https://gsp.toshiba.com/about/overview/index.shtml.

14. Defendant has made, imported, and supplied accused instrumentalities, defined subsequently herein, containing the features discussed herein. One non-limiting example of such accused instrumentalities are printers, such as those discussed in Counts I-VII below. On information and belief, these instrumentalities have been sold throughout the United States, California, and this District.

15. Through offers to sell, sales, imports, distributions, and other related agreements to transfer ownership of Defendant's accused instrumentalities with distributors and customers operating in and maintaining a significant business presence in the U.S., Defendant does business in the U.S., the state of California, and in the Central District of California.

## JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. Venue is proper in this judicial District for Defendant pursuant to 28 U.S.C. § 1400(b).

19. TABS is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over TABS because TABS, directly and through its subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum as a result of business conducted within the State of California and/or pursuant to Fed. R. Civ. P. 4(k)(2). Furthermore, on information and belief, TABS has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District. Furthermore, on information and belief, this Court has personal jurisdiction over TABS because TABS has committed acts giving rise to Flexiworld's claims for patent infringement within and directed to this District.

20. Furthermore, on information and belief, TABS has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by residents of this judicial District, including by directly and indirectly working with distributors, and other entities located in the State of California, to ensure the Accused Instrumentalities reach the State of California and this judicial District.

21. TABS also has maintained commercial websites accessible to residents of the State of California and this judicial District, through which TABS promoted and facilitated sales of the

Accused Instrumentalities. For example, TABS's website https://business.toshiba.com is accessible to consumers in the United States, including those in the State of California and this judicial District, where TABS supplies and did supply information about products that can be purchased and/or used in this judicial District.

22. This Court has general jurisdiction over TABS due to TABS's continuous and systematic contacts with the State of California and this jurisdiction. Further, TABS is subject to this Court's jurisdiction because it has committed patent infringement in the State of California and this jurisdiction. Thus, TABS has established minimum contacts with the State of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

23. On information and belief, TABS has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). TABS maintains a permanent physical presence within the Central District of California, conducting business from at least its location at 25530 Commercentre Drive, Lake Forest, California, 92630. Thus, venue is proper in this District with respect to TABS under 28 U.S.C. § 1400(b) because, among other things, TABS resides in this judicial District.

24. In addition, on information and belief, venue is proper in this judicial District under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because TABS has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in California and in this judicial District.

## THE PATENTS-IN-SUIT

### The '181 Patent

25. The '181 Patent, entitled "Wireless Printing Device For Printing Digital Content Received Via Wireless Communication Compatible, At Least Partly, With IEEE 802.11 or

Bluetooth," duly and legally issued on May 19, 2015, from U.S. Patent Application No. 12/764,015, filed on April 20, 2010, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '181 Patent is attached hereto as Exhibit 1 and is incorporated by reference.

26. The '181 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '181 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

27. The '181 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

28. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '181 Patent.

29. An assignment of the '181 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 029112/0430.

30. Flexiworld has standing to sue for infringement of the '181 Patent.

**The '071 Patent**

31. The '071 Patent, entitled "Printers, Printer Controllers, Printer Software, or Printer Firmware for Supporting Wireless Printing or Printing Over Air," duly and legally issued on November 27, 2018, from U.S. Patent Application No. 15/332,432, filed on October 24, 2016, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '071 Patent is attached hereto as Exhibit 2 and is incorporated by reference.

32. The '071 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '071 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

33. The '071 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

34. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '071 Patent.

35. An assignment of the '071 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 042385/0202.

36. Flexiworld has standing to sue for infringement of the '071 Patent.

**<u>The ’856 Patent</u>**

37. The ’856 Patent, entitled “Printing Devices Supporting Printing Over Air or Printing Over A Wireless Network,” duly and legally issued on December 22, 2020, from U.S. Patent Application No. 15/713,546, filed on September 22, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’856 Patent is attached hereto as <u>Exhibit 3</u> and is incorporated by reference.

38. The ’856 Patent claims priority to U.S. Patent Application No. 13/710,299, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The ’856 Patent also claims priority to of U.S. Patent Application Serial No. 10/053,765 filed January 18, 2002 and issued as U.S. Patent No. 9836257. The ’856 Patent also claims priority to of U.S. Patent Application Serial 09/992,413 filed November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’856 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

39. The ’856 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

40. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’856 Patent.

41. An assignment of the ’856 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office (“PTO”) at Reel/Frame 043675/0454.

42. Flexiworld has standing to sue for infringement of the ’856 Patent.

**<u>The ’791 Patent</u>**

43. The ’791 Patent, entitled, “Wireless Printing Devices That Provide Printing Services Over A Network Without A Need for A Client Device of the Printing Device to Use, at the Client Device, A Printer Specific Printer Driver,” duly and legally issued on September 1, 2020, from U.S. Patent Application No. 15/726,899, filed on October 6, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’791 Patent is attached hereto as <u>Exhibit 4</u> and is incorporated by reference.

44. The ’791 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’791 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’791 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’791 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

45. The ’791 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

46. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’791 Patent.

47. An assignment of the ’791 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 043806/0709.

48. Flexiworld has standing to sue for infringement of the ’791 Patent.

**The ’073 Patent**

49. The ’073 Patent, entitled “Wireless Devices That Establish A Wireless Connection With A Mobile Information Apparatus by Wirelessly Detecting, Within Physical Proximity, the Mobile Information Apparatus,” duly and legally issued on November 27, 2018, from U.S. Patent Application No. 15/627,197, filed on June 19, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’073 Patent is attached hereto as Exhibit 5 and is incorporated by reference.

50. The ’073 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’073 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’073 Patent also claims priority to U.S. Patent Application No. 13/710,299, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The ’073 Patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The ’073 Patent also claims priority to

U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’073 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

51. The ’073 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

52. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’073 Patent.

53. An assignment of the ’073 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office (“PTO”) at Reel/Frame 043035/0229.

54. Flexiworld has standing to sue for infringement of the ’073 Patent.

**The ’031 Patent**

55. The ’031 Patent, entitled “Software Application For A Mobile Device To Wirelessly Manage or Wirelessly Setup an Output System or Output Device For Service,” duly and legally issued on November 24, 2020, from U.S. Patent Application No. 15/594,440, filed on May 12, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’031 Patent is attached hereto as Exhibit 6 and is incorporated by reference.

56. The ’031 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’031 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’031 Patent also claims priority to U.S. Patent Application No. 13/710,299, filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The ’031 Patent also claims priority to U.S. Patent Application No. 12/903,048, filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The ’031 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’031 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

57. The ’031 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

58. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’031 Patent.

59. An assignment of the ’031 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office (“PTO”) at Reel/Frame 042385/0202.

60. Flexiworld has standing to sue for infringement of the ’031 Patent.

**The ’846 Patent**

61. The ’846 Patent, entitled, “Software Applications and Information Apparatus For Printing Over Air or For Printing Over A Network,” duly and legally issued on November 19, 2019, from U.S. Patent Application No. 15/697,247, filed on September 6, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’846 Patent is attached hereto as Exhibit 7 and is incorporated by reference.

62. The ’846 Patent claims priority to U.S. Application No. 13/710,299, filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The ’846 Patent also claims priority to U.S. Application No. 12/903,048, filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The ’846 Patent also claims priority to U.S. Application No. 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’846 Patent also claims priority to U.S. Application No. 09/992,413, filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’846 Patent also claims priority to U.S. Application No. 10/016,223, filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’846 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

63. The ’846 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

64. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’846 Patent.

65. An assignment of the ’846 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 044174/0659.

66. Flexiworld has standing to sue for infringement of the ’846 Patent.

67. TABS has not obtained a license to any of the Patents-in-Suit.

68. TABS does not have Flexiworld's permission to make, use, sell, offer to sell, or import products or practice methods that are covered by one or more claims of any of the Patents-in-Suit.

69. TABS needs to obtain a license to the Patents-in-Suit and cease its ongoing infringement of Flexiworld's patent rights.

## GENERAL ALLEGATIONS

70. Defendant has not obtained a license to any of the Patents-in-Suit.

71. Defendant did not have Flexiworld's permission to make, use, sell, offer to sell, or import products or practice methods that are covered by one or more claims of any of the Patents-in-Suit.

72. Defendant has made, used, sold, offered to sell, and/or imported into the United States products as claimed in each of the Patents-in-Suit.

73. Defendant has infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States printers that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to printer and multifunction printer models compatible with the eBridge Print & Capture, eConnect TouchFree, PaperCut MF, and e-BRIDGE Cloud Connect apps, including at least the e-STUDIO, B-FP, B-EP, BV, B-FV, DB, B, BA, B-EX, B-SX and/or FC series printers and multifunction printers ("the Accused Printers").

74. Defendant has infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States printing apps that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to new and updated versions of Toshiba's wireless printing apps, including but not limited to, the eBridge Print & Capture, eConnect

TouchFree, PaperCut M, and e-BRIDGE Cloud Connect apps ("the Accused Apps," together with the Accused Printers, "the Accused Instrumentalities").

75. Defendant's customers have directly infringed the Patents-in-Suit by using the Accused Instrumentalities. Through its product manuals, website, and/or sales and marketing activities, Defendant solicited, instructed, encouraged, and aided and abetted its customers to purchase and use the Accused Instrumentalities in an infringing way.

76. Flexiworld has been damaged as a result of Defendant's infringing conduct. Defendant is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

77. In addition, for the reasons discussed herein, Defendant's infringing activities detailed in this Complaint and Exhibits 8-14 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

78. Defendant marketed and sold other products that are not covered by the claims of the Patents-in-Suit but that were sold with or in conjunction with the Accused Instrumentalities. Accordingly, Flexiworld is entitled to collect damages from Defendant for convoyed sales of certain non-patented items.

79. Defendant failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Accused Instrumentalities.

80. Attached hereto as Exhibits 8-14, and incorporated herein by reference, are representative claim charts detailing how exemplar Accused Instrumentalities have infringed the Patents-in-Suit.

81. On information and belief, with respect to each Patent-in-Suit, Flexiworld has complied with the requirements of 35 U.S.C. § 287.

82. Since issuance of each of the Patents-in-Suit, Flexiworld has not made, offered for sale, sold, or imported a product that practices any of the Patents-in-Suit or that would otherwise require marking under 35 U.S.C. § 287.

83. Further, on information and belief Flexiworld's licensees either did not make, offer to sell, sell, or import products that would require marking under 35 U.S.C. § 287 or otherwise did not have an obligation to mark any of their products with any of the Patents-in-Suit.

84. Flexiworld complied with the requirements of 35 U.S.C. § 287, to the extent necessary, such that Flexiworld may recover pre-suit damages.

85. For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '181 PATENT

86. Flexiworld incorporates herein the allegations made in paragraphs 1 through 85.

87. TABS has directly infringed one or more claims of the '181 Patent, including, for example, claims 1, 5, and 6, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

88. Additionally, on information and belief, Defendant has indirectly infringed the '181 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 1 of the '181 Patent. *See, e.g.*, https://tbs.toshiba.com/support/#downloads; https://business.toshiba.com/support-drivers.

89. An exemplary claim chart demonstrating Defendant's infringement of the '181 Patent, as well as Defendant's customers' infringement of the '181 Patent, which has been induced by Defendant, is attached as Exhibit 8 and incorporated herein by reference.

90. Defendant has had knowledge of the '181 Patent and of its infringement of the '181 Patent through at least Flexiworld's July 23, 2021 notice letter, a copy of which is attached hereto as Exhibit 15.

91. On information and belief, despite Defendant's knowledge of the '181 Patent and of its infringement of the '181 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief or any rationale as to why it does not infringe the '181 Patent.

92. In addition, Defendant's infringing activities detailed in this Complaint and Exhibit 8 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II – INFRINGEMENT OF THE '071 PATENT**

93. Flexiworld incorporates herein the allegations made in paragraphs 1 through 92.

94. TABS has directly infringed one or more claims of the '071 Patent, including, for example, claims 1-7, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

95. Additionally, on information and belief, Defendant has indirectly infringed the '071 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 1 of the '071 Patent. *See, e.g.*, https://tbs.toshiba.com/support/#downloads; https://business.toshiba.com/support-drivers.

96. An exemplary claim chart demonstrating Defendant's infringement of the '071 Patent, as well as Defendant's customers' infringement of the '071 Patent, which has been induced by Defendant, is attached as Exhibit 9 and incorporated herein by reference.

97. Defendant has had knowledge of the '071 Patent and of its infringement of the '071 Patent through at least Flexiworld's July 23, 2021 notice letter, a copy of which is attached hereto as Exhibit 15.

98. On information and belief, despite Defendant's knowledge of the '071 Patent and of its infringement of the '071 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief or any rationale as to why it does not infringe the '071 Patent.

99. In addition, Defendant's infringing activities detailed in this Complaint and Exhibit 9 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III – INFRINGEMENT OF THE '856 PATENT**

100. Flexiworld incorporates herein the allegations made in paragraphs 1 through 99.

101. TABS has directly infringed one or more claims of the '856 Patent, including, for example, claims 17-20, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

102. Additionally, on information and belief, Defendant has indirectly infringed the '856 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 17 of the '856 Patent. *See, e.g.*, https://tbs.toshiba.com/support/#downloads; https://business.toshiba.com/support-drivers.

103. An exemplary claim chart demonstrating Defendant's infringement of the '856 Patent, as well as Defendant's customers' infringement of the '856 Patent, which has been induced by Defendant, is attached as Exhibit 10 and incorporated herein by reference.

104. Defendant has had knowledge of the '856 Patent and of its infringement of the '856 Patent through at least Flexiworld's July 23, 2021 notice letter, a copy of which is attached hereto as Exhibit 15.

105. On information and belief, despite Defendant's knowledge of the '856 Patent and of its infringement of the '856 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief or any rationale as to why it does not infringe the '856 Patent.

106. In addition, Defendant's infringing activities detailed in this Complaint and Exhibit 10 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV – INFRINGEMENT OF THE ’791 PATENT**

107. Flexiworld incorporates herein the allegations made in paragraphs 1 through 106.

108. TABS has directly infringed one or more claims of the ’791 Patent, including, for example, claims 1-5, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

109. Additionally, on information and belief, Defendant has indirectly infringed the ’791 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 1 of the ’791 Patent. *See, e.g.*, https://tbs.toshiba.com/support/#downloads; https://business.toshiba.com/support-drivers.

110. An exemplary claim chart demonstrating Defendant’s infringement of the ’791 Patent, as well as Defendant’s customers’ infringement of the ’791 Patent, which has been induced by Defendant, is attached as Exhibit 11 and incorporated herein by reference.

111. Defendant has had knowledge of the ’791 Patent and of its infringement of the ’791 Patent through at least Flexiworld’s July 23, 2021 notice letter, a copy of which is attached hereto as Exhibit 15.

112. On information and belief, despite Defendant’s knowledge of the ’791 Patent and of its infringement of the ’791 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief or any rationale as to why it does not infringe the ’791 Patent.

113. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 11 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V – INFRINGEMENT OF THE ’073 PATENT**

114. Flexiworld incorporates herein the allegations made in paragraphs 1 through 113.

115. TABS has directly infringed one or more claims of the ’073 Patent, including, for example, claims 8, 9, 11, 14, 15 in violation of 35 U.S.C. § 271(a) by making, using, selling,

offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

116. Additionally, on information and belief, Defendant has indirectly infringed the ’073 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 8 of the ’073 Patent. *See, e.g.*, https://tbs.toshiba.com/support/#downloads; https://business.toshiba.com/support-drivers.

117. An exemplary claim chart demonstrating Defendant’s infringement of the ’073 Patent, as well as Defendant’s customers’ infringement of the ’073 Patent, which has been induced by Defendant, is attached as Exhibit 12 and incorporated herein by reference.

118. Defendant has had knowledge of the ’073 Patent and of its infringement of the ’073 Patent through at least Flexiworld’s July 23, 2021 notice letter, a copy of which is attached hereto as Exhibit 15.

119. On information and belief, despite Defendant’s knowledge of the ’073 Patent and of its infringement of the ’073 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief or any rationale as to why it does not infringe the ’073 Patent.

120. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 12 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI – INFRINGEMENT OF THE ’031 PATENT

121. Flexiworld incorporates herein the allegations made in paragraphs 1 through 120.

122. TABS has directly infringed one or more claims of the ’031 Patent, including, for example, claims 8-12, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Apps.

123. Additionally, on information and belief, Defendant has indirectly infringed the ’031 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase and/or download

the Accused Apps and/or by instructing customers how to use the Accused Apps in a way that directly infringed at least claim 8 of the ’031 Patent. *See, e.g.*, https://business.toshiba.com/solutions-services/mobile-printing; https://business.toshiba.com/news/toshiba-introduces-touch-free-app-for-multifunction-printers.

124. An exemplary claim chart demonstrating Defendant’s infringement of the ’031 Patent, as well as Defendant’s customers’ infringement of the ’031 Patent, which has been induced by Defendant, is attached as Exhibit 13 and incorporated herein by reference.

125. Defendant has had knowledge of the ’031 Patent and of its infringement of the ’031 Patent through at least Flexiworld’s July 23, 2021 notice letter, a copy of which is attached hereto as Exhibit 15.

126. On information and belief, despite Defendant’s knowledge of the ’031 Patent and of its infringement of the ’031 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief or any rationale as to why it does not infringe the ’031 Patent.

127. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 13 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII – INFRINGEMENT OF THE ’846 PATENT

128. Flexiworld incorporates herein the allegations made in paragraphs 1 through 127.

129. TABS has directly infringed one or more claims of the ’846 Patent, including, for example, claims 1-5, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Apps.

130. Additionally, on information and belief, Defendant has indirectly infringed the ’846 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase and/or download the Accused Apps and/or by instructing customers how to use the Accused Apps in a way that directly infringed at least claim 1 of the ’846 Patent. *See, e.g.*, https://business.toshiba.com/solutions-

services/mobile-printing; https://business.toshiba.com/news/toshiba-introduces-touch-free-app-for-multifunction-printers.

131. An exemplary claim chart demonstrating Defendant's infringement of the '846 Patent, as well as Defendant's customers' infringement of the '846 Patent, which has been induced by Defendant, is attached as Exhibit 14 and incorporated herein by reference.

132. Defendant has had knowledge of the '846 Patent and of its infringement of the '846 Patent through at least Flexiworld's July 23, 2021 notice letter, a copy of which is attached hereto as Exhibit 15.

133. On information and belief, despite Defendant's knowledge of the '846 Patent and of its infringement of the '846 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief or any rationale as to why it does not infringe the '846 Patent.

134. In addition, Defendant's infringing activities detailed in this Complaint and Exhibit 14 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. A judgment that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. A judgment and order requiring Defendant to pay Flexiworld damages under 35 U.S.C. § 284;

c. A judgment and order that Defendant has willfully infringed the Patents-in-Suit and requiring Defendant to pay Flexiworld enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

d. A judgment and order requiring Defendant to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Defendant to pay Flexiworld's costs; and

f. Such other and further relief as the Court may deem just and proper.

Dated: September 29, 2026

Respectfully submitted,

*/s/ Ryan E. Hatch*
Ryan Hatch
California Bar No. 23557
ryan@hatchlaw.com
**HATCH LAW, P.C.**
13323 W. Washington Blvd., Suite 302
Los Angeles, California 90066
Telephone: (310) 279-5076

Timothy E. Grochocinski (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6295055
tim@nelbum.com
C. Austin Ginnings (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6343678
austin@nelbum.com
Taryn N. Trusty (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6344409
taryn@nelbum.com
**NELSON BUMGARDNER CONROY PC**
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
Telephone: (708) 675-1974

*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*